## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SALVADOR VIEYRA RODRIGUEZ** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **FOLEY CARRIER SERVICES, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendant Foley Carrier Services, LLC (hereafter "Foley"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

2.      Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3.      Defendant Foley is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Foley.

1

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7.      Plaintiff, Salvador Vieyra Rodriguez, is an adult individual who resides in the State of Texas.

8.      Defendant Foley Carrier Services, LLC ("Foley") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Foley regularly conducts business in the District of Connecticut and which has a principal place of business located at 140 Huyshope Avenue, Second Floor, Hartford, CT 06106.

## FACTUAL ALLEGATIONS

9.      In or around February 2024, Plaintiff applied for a position at PGT Trucking Inc ("PGT") as a truck driver.

10.     As part of his job application, Plaintiff signed documents purportedly authorizing PGT to obtain a consumer report(s) for employment purposes.

11.     PGT requested from the Defendant, and the Defendant sold to PGT a consumer report(s) concerning the Plaintiff, on or around February 2024.

12.     The report(s) furnished by Foley was for employment purposes.

13.     The consumer report(s) contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with PGT.

14.     Defendant Foley has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

15.     Plaintiff has no criminal history of his own.

16.     The inaccurate information includes, but is not limited to, a sex offender registration for a sexual offense against a child which does not belong to Plaintiff but belongs to at least one other consumer (herein after the "inaccurate information").

17.     The inaccurate information grossly disparages the Plaintiff and portrays him as being a child sex offender, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

18.     The inaccurate information consists of inaccurate statements that does not belong to the Plaintiff, and that actually belong to another consumer.

19.     In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.   Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer.   Had Defendant followed reasonable procedures it would not have reported the inaccurate information, as any rudimentary check of the public records would have revealed these inaccuracies; such as name, address and physical characteristics.

20.     Defendant knows or should know that a very common last name and that the Consumer Financial Protection Bureau requires heightened matching criteria when matching common names. *See Ramirez v. Trans Union, LLC,* No. 12-CV-00632-JSC, 2017 WL 1133161, at *4 (N.D. Cal. Mar. 27, 2017); *see Ramirez* Dkt. No. 305 (jury verdict finding that matching

public records to individuals using an exact first and last name match was a willful violation of the FCRA); see *Williams v. First Advantage LNS Screening Sols., Inc.*, 238 F. Supp. 3d 1333, 1346 & n. 14-15 (N.D. Fla. 2017) (finding willful violation of the FCRA even where there was an exact match of first name, last name, and date of birth).

21.    On the face of the sex offender registry, it is clear that the criminal has a different middle name than Plaintiff.

22.    Defendant has been reporting, and did here report, derogatory and inaccurate statements and information through the issuance of false and inaccurate consumer reports relating to Plaintiff and Plaintiff's criminal history to third parties since at least February 2024.

23.    As a result of the inaccurate report Defendant sold, Plaintiff was subsequently denied employment at PGT and Plaintiff was informed by the PGT that the basis for the denial was the inaccurate criminal information that appears on Foley consumer report, which was also a substantial factor for the denial.

24.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including frustration, humiliation and embarrassment.

25.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

26.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I
## PLAINTIFF V. FOLEY
## VIOLATIONS OF THE FCRA

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

29.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

32.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Sarah Poriss, Esquire
777 Farmington Avenue
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarah@sarahporiss.com


Geoffrey H. Baskerville
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: gbaskerville@consumerlawfirm.com

*Application for Admission*
*Pro Hac Vice Forthcoming*

February 13, 2025